**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| STACY L. SHEPHERD | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT'S NOTICE OF REMOVAL OF** |
| CSK AUTO, INC. d/b/a | ) | **CIVIL ACTION FROM STATE COURT TO** |
| O'REILLY AUTO PARTS, | ) | **FEDERAL COURT** |
| | ) | |
| Defendant. | ) | |

PLEASE TAKE NOTICE that Defendant CSK Auto, Inc. d/b/a  O'Reilly Auto Parts ("Defendant") hereby removes this action from the Allen Superior Court, Allen County, Indiana to the United States District Court for the Northern District of Indiana, Fort Wayne Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

In further support of removal, Defendant states as follows:

**PROCEDURAL POSTURE TO DATE**

1.      Plaintiff instituted this action on or about February 19, 2019 in the Allen Superior Court, Allen County, Indiana, Case No. 02D02-1902-CT-000102 (hereinafter referred to as the "State Action").

2.      A true and accurate copy of the Summons and Complaint is attached hereto as **Exhibit A.**

3.      In addition to being served with the Summons and Complaint attached as Exhibit A, the docket related to the State Action indicates that the Court has issued an Order setting the matter for a case management conference on May 7, 2019 at 11:00 a.m.  A true and accurate

copy of the Order Setting Case Management Conference is attached hereto as **Exhibit B.**  No other pleadings, correspondence, discovery or orders have been filed, entered, served or purportedly served upon Defendant or by Defendant at this time.

4.      Defendant has not served any answer or responsive pleading to the Complaint or made any appearance or argument in the State Action.

5.      This Notice of Removal is being filed within thirty (30) days of receipt of the Complaint by Defendant in accordance with 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL – FEDERAL QUESTION AND DIVERSITY**

6.      Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States – specifically, Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.  This entire action, therefore, is removable to this Court pursuant to 28 U.S.C. 1441(a) which states in relevant part that, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

7.      In addition, this Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship.  Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between—(1) citizens of different States."

2

8.      According to Plaintiff's Complaint, Plaintiff was at all relevant times and is currently employed by Defendant in Fort Wayne, Indiana and, upon information and belief, Plaintiff was a citizen of the State of Indiana at the time she commenced the State Action.

9.      Moreover, Plaintiff was at all relevant times and is currently employed by O'Reilly Automotive Stores, Inc., a corporation incorporated under the laws of the State of Missouri with its principal place of business in Springfield, Missouri.  Defendant was not at the time Plaintiff commenced the State Action, has not been, and is not now, a citizen of the State of Indiana, the state in which Plaintiff commenced the State Action.

10.     Because Plaintiff's citizenship is distinct from Defendant's citizenship, complete diversity of citizenship exists between the parties.  *See* 28 U.S.C. § 1332(a).

11.     Turning to the amount in controversy analysis, "[a] removing party 'need not show that the plaintiff will *prevail* or collect more than $75,000 if he does.'"  *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir. 2006) (Emphasis in original.)  Rather, the burden is to show "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold."  *Id.*

12.     The matter in controversy in this case exceeds $75,000 for the following reasons:

a.      This matter involves claims of race discrimination and retaliation under Title VII and § 1981.

b.      Plaintiff seeks in her lawsuit an award of actual damages, compensatory damages, punitive damages, and equitable relief in an unspecified and unlimited amount.

c.      Plaintiff's Complaint also seeks recovery of attorney's fees, which are available under Title VII and § 1981 and are to be included when considering the amount in controversy.

d.      Plaintiff's Complaint also seeks an award of punitive damages, which are available under Title VII and § 1981 and are to be included when considering the amount in controversy.

e.      Considering the fact that Plaintiff's Complaint seeks lost pay, attorney's fees, and punitive damages, the amount in controversy in this matter far exceeds $75,000.

13.      Based upon the preceding facts, this Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1332, and this case is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441(b).

## **VENUE**

14.      Venue is appropriate as the state court from which the State Action was removed and in which this action was commenced is within this Court's district and division.

## **NOTICE**

15.      As required by 28 U.S.C. § 1446(d), Defendant's undersigned counsel certifies that Defendant is providing written notice of the filing of this Notice of Removal to counsel of record for Plaintiff and has contemporaneously filed a copy with the Allen Superior Court, Allen County, Indiana, copies of which are attached hereto as **Exhibit C** and **Exhibit D**, respectively.

16.      Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

4

## CONCLUSION

WHEREFORE, Defendant gives notice that the referenced action pending in the Allen Superior Court, Allen County, Indiana, Case No. 02D02-1902-CT-000102, has been removed to this Court.

Respectfully submitted,

 /s/ Thomas J. Birchfield
Thomas J. Birchfield (Indiana Bar No. 14190-10)
FISHER & PHILLIPS LLP
220 West Main Street, Suite 1700
Louisville, KY 40202
(502) 561-3990 - Telephone
(502) 561-3991 – Facsimile
tbirchfield@fisherphillips.com

*Counsel for Defendant*

FPDOCS 35112588.1

## CERTIFICATE OF SERVICE

This is to certify that on March 15, 2019 the foregoing *Defendant's Notice of Removal of Civil Action from State Court to Federal Court* was filed electronically via the Court's ECF system. Notice of this filing will be sent to the parties by operation of the Court's ECF system. In addition, a copy of the foregoing has been served via electronic mail and Regular U.S. Mail, postage prepaid, upon the following:

Christopher C. Myers, Esq.
809 South Calhoun Street, Suite 400
Fort Wayne, Indiana 46802
cmyers@myers-law.com

*/s/ Thomas J. Birchfield*
Thomas J. Birchfield (Indiana Bar No. 14190-10)

FPDOCS 35112588.1